PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| VERNON LAMONT BEY, | ) |
| | ) CASE NO. 4:18CV1166 |
| Plaintiff, | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| | ) |
| TRUMBULL COUNTY HEALTH | ) |
| DEPARTMENT, et al., | ) **MEMORANDUM OF OPINION AND** |
| | ) **ORDER** |
| Defendants. | ) [Resolving ECF Nos. 2, 5] |

*Pro se* Plaintiff Vernon Lamont Bey filed this action against the Trumbull County Health Department, Trumbull County Building Inspection Department, Trumbull County Sheriff Department,[1] Warren Municipal Court, Warren Municipal Prosecutor's Office (collectively, "Trumbull County");[2] Warren Municipal Court Judge Terry F. Ivancheck, Trumbull County Health Department Inspector Tony Angelo, Trumbull County Sheriff Thomas Altier, and Chris Tanahill.[3] ECF No. 1. Plaintiff brings suit under 42 U.S.C. § 1983, claiming Defendants violated his constitutional rights under the Fourth, Fifth, Eighth, and Fifteenth Amendments to the United States Constitution. *Id.* at PageID #: 1.

---

[1] Under Ohio law, a county sheriff's department is not a legal entity capable of being sued under 42 U.S.C. § 1983, and the Trumbull County Sheriff's Department is dismissed from this action. *See Carmichael v. City of Cleveland,* 571 F. App'x 426, 435 (6th Cir. 2007) (citations omitted).

[2] Plaintiff characterizes his claims against the Trumbull County agencies and Warren Municipal Court and Prosecutor's office as claims against Trumbull County. *See* ECF No. 1 at PageID #: 1.

[3] It is not entirely clear from the Complaint with which County agency Tanahill is associated, but it appears to be the Building Inspection Department. *See* ECF No. 1 at PageID #: 2.

Also before the Court are Plaintiff's motions to proceed *in forma pauperis*. ECF Nos. 2, 5. The Court grants these motions.

For the reasons that follow, this case is dismissed.

## I. Background

On August 26, 2015, Defendant Angelo charged Plaintiff in Warren Municipal Court with a violation of Warren City Ordinance § 1368.02. ECF No. 1 at PageID #: 2. Plaintiff filed a notice of removal to the United States District Court, Northern District of Ohio on September 8, 2015. *Id.* On October 6, 2015, the District Court remanded the case to the Warren Municipal Court. *Id.* On March 21, 2016, the Warren Municipal Court issued a warrant for Plaintiff's arrest for failure to appear. *Id.* Plaintiff was arrested on March 22, 2016, arraigned, and held without bond until March 28, 2016. *Id.* Plaintiff contends this violated his right to due process. *Id.*

In May 2016, Plaintiff was again arrested for failure to appear. *Id.* He was again arraigned, pleaded "not guilty," and was released on a personal recognizance bond. *Id.* Plaintiff alleges the Warren Municipal Court case against him was dismissed, but the property which was the subject of the ordinance violation was torn down on the orders of Defendants Tanahill, Altier, and Angelo. *Id*.

On these facts, Plaintiff claims Defendants deprived him of his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, including his right to freedom of speech without retaliation, right to be free from cruel and unusual punishment, and right to be free from governmental action that shocks the conscience. *Id.* at PageID #: 3. Plaintiff alleges Trumbull

(4:18CV1166)

County's policies, practices, and customs were a "moving force" behind his injuries. *Id.* He also argues the Trumbull County Sheriff "failed to properly honor his Oath of Honor which is unconstitutional conduct." *Id.*

## II. Standard of Review

*Pro se* pleadings are liberally construed by the Court. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding, the district court is required under 28 U.S.C. § 1915(e)(2)(B) to review all *in forma pauperis* complaints, and to dismiss before service any such complaint that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Moreover, while some latitude must be extended to *pro se* plaintiffs with respect to their pleadings, the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Thomas v. Brennan*, No. 18-1312, 2018 WL 3135939, at *1 (N.D. Ohio June 26, 2018) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985) and *Erwin v. Edwards*, 22 F. App'x. 579, 580 (6th Cir. 2001)).

In order to withstand scrutiny under Section 1915(e)(2)(B)(ii), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill*, 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under Section 1915(e)(2)(B)) (quoting *Iqbal*, 556 U.S. at 678 (quoting

3

(4:18CV1166)

*Twombly*, 550 U.S. at 570)). Thus, a complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471.

### III. Law and Analysis

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must show: (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001) (citation omitted). Section 1983 claims in Ohio are subject to the same two-year limitations period in Ohio Rev. Code § 2305.10 governing the statute of limitations for bodily injury. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc). But federal law determines when a Section 1983 cause of action accrues, and "the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)).

To hold an individual defendant liable under Section 1983, a plaintiff must allege "personal involvement" in the alleged unconstitutional conduct. *See Grinter*, 532 F.3d at 575 (personal involvement is required in order to incur personal liability). It is a basic pleading requirement that a plaintiff must attribute specific factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). When a person is named as a defendant without an allegation of specific conduct, even under the liberal construction afforded to *pro se*

4

(4:18CV1166)

complaints, the complaint against that defendant is subject to dismissal. See *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff alleged only that the defendant violated his constitutional rights). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Id.* (citing *Flagg Bros. v. Brooks,* 436 U.S. 149 (1978)). Conclusory allegations of unconstitutional conduct are insufficient to state a Section 1983 claim – a complaint must contain either direct or inferential factual allegations against individual defendants respecting the material elements of some viable legal theory to satisfy federal notice pleading requirements. See *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436-37 (6th Cir. 1988).

### A. Warren Municipal Court Judge Terry Ivancheck is Immune from Suit

It is well-settled that judges are absolutely immune from civil suits for money damages, including suits brought under § 1983, unless their actions are taken in a nonjudicial capacity or in the complete absence of all jurisdiction. *Barnes v. Winchell,* 105 F.3d 1111, 1115-16 (6th Cir. 1997). Even liberally construing the Complaint, Plaintiff does not allege any facts supporting a plausible exception to absolute judicial immunity concerning Judge Ivancheck. Judge Ivancheck is accordingly dismissed from Plaintiff's suit.

### B. Plaintiff Fails to State a Claim Against Altier, Angelo, and Tanahill

#### 1. Claim that Plaintiff was held without bond from March 22-28, 2016

Plaintiff alleges he was arrested on March 22, 2016 for failure to appear with respect to a city violation for premises sanitation, arraigned, and "held without bond until [March 28, 2016]

5

(4:18CV1166)

which violated [his] due process" and "Held Without Bond For Defending [His] Constitutional Rights." ECF No. 1 at PageID #: 2. As an initial matter, this claim was not brought within the two-year limitations period governing Section 1983 actions. Plaintiff was aware on March 28, 2016 that he was being held without bond and therefore had knowledge of the injury. That is sufficient for the limitations period to accrue. *See* Rotella v. Wood, 528 U.S. 549, 555 (2000) ("[I]in applying a [federal] discovery accrual rule, we have been at pains to explain that discovery of the injury, not discovery of the other elements of a claim, is what starts the clock."). He did not file suit until May 21, 2018. ECF No. 1. Because Plaintiff failed to file his claim of an alleged constitutional violation for being held without bond within the two-year limitations period, his claim is time-barred.

Even if Plaintiff's claim were not barred by the two-year statute of limitations, the claim is nevertheless subject to dismissal. Plaintiff fails to allege any specific conduct on the part of individual Defendants Altier, Angelo, and Tanahill upon which he bases this claim of unconstitutional conduct. *See* Frazier v. Michigan, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claim where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). Moreover, Plaintiff's allegation that he was held without bond in violation of his right to due process and in retaliation for defending his constitutional rights are simply legal conclusions masquerading as factual allegations. *See* Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice [to state a plausible claim for relief].") (citation omitted); *see also Frazier*, 41 F.

6

(4:18CV1166)

App'x at 764 ("The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions."). Legal conclusions alone are not sufficient to present a valid claim, and the Court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

### 2. Claim for destruction of property on September 26, 2016

Plaintiff claims that his property was torn down upon the orders of Tanahill, Altier, and Angelo. ECF No. 1 at PageID #: 2. That threadbare statement is the extent of his factual allegations concerning the destruction of his property. Plaintiff does not allege any facts, which if believed, plausibly support a conclusion that Tanahill, Altier, and Angelo violated his constitutional rights by ordering his property destroyed.

Plaintiff's statement of his other Section 1983 claims against Tanahill, Altier, and Angelo similarly fails to provide factual allegations concerning specific unconstitutional conduct on the part of the individual Defendants. Rather, it recites legal conclusions without providing any factual support, as follows:

> Defendants, while acting under color of state law, deprived Plaintiff of his rights secured by the First, Fourth, Eighth, and Fourteenth Amendments and Amendment V, Amendment VIII to the United States Constitution, including Plaintiffs' right to exercise freedom of speech without retaliation, right to be free from excessive force, his right to be free from cruel and unusual punishment, and his right to be free from governmental actions that shock the conscience. Defendant Trumbull County's policies, practices, and customs were a moving force behind Plaintiffs' injuries. Trumbull County Sheriff failed to properly honor his Oath of honor which is unconstitutional conduct.

*Id.* at PageID #: 3.

7

(4:18CV1166)

Plaintiff's legal conclusions are insufficient to state a plausible claim for relief. *Bishop, 520 F.3d at 519*. The Court's obligation to liberally construe *pro se* pleadings does not require a the Court to conjure factual allegations or construct claims on Plaintiff's behalf. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citing *Erwin v. Edwards,* 22 F. App'x. 579, 580 (6th Cir. 2001)).

For the above reasons, Defendants Altier, Angelo, and Tanahill are dismissed from this action.

### C. Plaintiff Fails to State a Claim against Trumbull County

Plaintiff characterizes his claims against the Trumbull County agencies and Warren Municipal Court and Prosecutor's office as claims against Trumbull County. *See* ECF No. 1 at PageID #: 1. To the extent that Plaintiff asserts Section 1983 claims against Altier, Angelo, and Tanahill in their official capacities, those claims are the equivalent of a suit against Trumbull County. *See Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 68 (1989)). Counties are considered persons within the meaning of Section 1983. *Alkire v. Irving*, 330 F.3d 802, 814 (6th Cir. 2001).

As an initial matter, because Plaintiff fails to allege facts stating an underlying constitutional violation, his Section 1983 claim against Trumbull County fails. *Grabow v. Cty. of Macomb*, 580 F. App'x. 300, 311-12 (6th Cir. 2014) (affirming the trial court's grant of summary judgment to county defendant where plaintiff failed to present a plausible constitutional violation noting that "[a]bsent an underlying constitutional violation, [plaintiff's] claim against the county under § 1983 must also fail"). Because Plaintiff's Section 1983 claims against

8

(4:18CV1166)

Defendants Altier, Angelo, and Tanahill fail for the reasons discussed above, his Section 1983 claim for relief against Trumbull County also fails.

Even if Plaintiff had asserted a plausible constitutional violation underlying his Section 1983 claim against Trumbull County, that claim would still be subject to dismissal. In order to state a plausible Section 1983 claim against Trumbull County, "a plaintiff must 'identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy.'" *Jordan v. City of Detroit*, 557 F. App'x 450, 454 (6th Cir. 2014) (quoting *Graham ex rel. Estate of Graham v. Cnty. of Washtenaw,* 358 F.3d 377, 383 (6th Cir. 2004) (internal quotation marks and citation omitted); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, (1978)). Plaintiff alleges Trumbull County's policies, practices, and customs were a "moving force" behind his injuries. ECF No. 1 at PageID #: 3. But beyond this conclusory statement, Plaintiff fails to identify any specific policy or custom of Trumbull County, or of any of the county agencies or municipal offices named in the Complaint, concerning the constitutional violations alleged, or show how these customs and polices caused the claimed constitutional violation. *Jordan*, 557 F. App'x at 454 (affirming district court's dismissal of municipal § 1983 claim where plaintiff failed to produce any evidence of a policy or custom regarding the alleged underlying constitutional violation).

Plaintiff's bare conclusory allegation that Trumbull County's policies, practices, and customs were a "moving force" behind his injuries is insufficient to state a plausible Section 1983 claim against Trumbull County or any of the county agencies or municipal offices.

(4:18CV1166)

Accordingly, Plaintiff's claims against Trumbull County, including the named county agencies and municipal offices, are dismissed.

### IV. Conclusion

For all of the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motions to proceed *in forma pauperis* are granted. ECF Nos. 2, 5.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

  February 27, 2019                               /s/ *Benita Y. Pearson*  
Date                                              Benita Y. Pearson  
                                                     United States District Judge